UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| VENITHER JOHNSON, individually and on behalf of others similarly situated | * * * | CIVIL ACTION NO.: 1:21-cv-1118 |
| VERSUS | * * | |
| VOLUNTEER HOME CARE, INC. | * | |

*****************************************************************************

## COMPLAINT – COLLECTIVE AND CLASS ACTION

Plaintiff, Venither Johnson, individually and on behalf of all other similarly situated current and former employees of Defendant, brings this collective and class action against Defendant, Volunteer Home Care, Inc., and alleges as follows:

### I.     JURISDICTION

1.     Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA. This Court has jurisdiction under 28 U.S.C. §1331.

2.     Plaintiff also brings this cause of action to recover unpaid travel time compensation under Tennessee common law. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 for the pendant state law claims because they arise out of the same nucleus of operative facts as the FLSA claims.

### II.     PARTIES

3.     Plaintiff, Venither Johnson, is domiciled in Madison County, State of Tennessee, and has been employed by Defendant since 2020 as a home healthcare worker, who provides support to Defendant's clients. Plaintiff's hours varied from week to week but she regularly worked more than forty (40) hours a week.

4. Defendant failed to fully compensate Plaintiff overtime for all hours worked over forty (40) in a workweek.

5. Defendant further failed to pay travel time for the time spent travelling between Defendant's clients.

6. Plaintiff has consented to filing the instant action. (Exhibit "A").

7. Defendant, Volunteer Home Care, Inc. (hereinafter referred to as "Volunteer Home Care"), is a Tennessee corporation with its principal place of business located at 7900 Players Forest Drive, Memphis, Tennessee 38119-9171.

8. Defendant employed Plaintiff and participated directly in employment decisions regarding the Plaintiff's rights for which she seeks redress in this case.

9. The precise size and the identity of the collective and class should be ascertainable from the business records, payroll and/or employee or personnel records of Defendant.

### III. VENUE

10. Venue is proper in this District as Defendant conducts business in the Western District, and as a substantial part of the events giving rise the claims occurred in this District.

11. Furthermore, Defendant's principal office is located in Shelby County.

### IV. FACTS

12. Defendant operates a home healthcare business with offices in Humboldt, Camden, Dyersburg, Huntingdon, Jackson, and Union City. (https://www.volunteerhomecare.com/locations last visited August 9, 2021.)

13. Plaintiff and the collective and class members were/are employed by Defendant as hourly home healthcare workers, including nurses, assistants, therapists and personal care aides, who provide support and care to Defendant's clients.

14. Plaintiff's hours varied from week to week during her employment with Defendant, but she regularly worked more than forty (40) hours in a workweek.

15. For example, upon information and belief, Defendant's workweek was from Monday until Sunday, and during the workweeks (a) from July 12, 2021 to July 18, 2021, (b) from July 19, 2021 to July 25, 2021, and (c) from July 6, 2021 to August 1, 2021, Plaintiff provided (a) 51.32 hours, (b) 55.40 hours, and (c) 43.32 hours respectively, of in-home health services.

16. In addition to the hours Plaintiff spent performing in-home health services as described in Paragraph 15 above, upon information and belief, Plaintiff, during the same workweeks, worked travelling between client's homes (on days when she would work at more than one client's home) an additional (a) 2.47, (b) 2.43, and (c) 4.13 hours, respectively.

17. Upon information and belief, during the 16-day pay period from July 16, 2021 to July 31, 2021, Plaintiff worked (including both in-home work and work travelling between client's homes) at total of 122.37 hours, of which 83.3 hours were regular hours (within the first forty hours worked in the applicable Monday to Sunday workweek) and 39.07 of which were overtime hours (hours worked in excess of forty hours in the applicable Monday to Sunday workweek).

18. Defendant did not pay Plaintiff all of the overtime compensation owed for this work.

19. Instead, Defendant provided Plaintiff with a paystub for her work during the period from July 16, 2021 to July 31, 2021, a copy of which is attached hereto as Exhibit B, reflecting that Plaintiff was being paid $1,325.61 for 114.19 regular hours of work and $167.57 for "1.00" hour of overtime compensation.

20. Defendant's underpayment of Plaintiff for the period from July 16, 2021 to July 31, 2021 was not the only instance of Defendant's underpayment of Plaintiff's overtime

compensation; instead, while specific details of that period are set forth above as an example of a particular pay period in which Defendant did not pay Plaintiff all of the overtime compensation she earned, Defendant regularly paid Plaintiff less than the full amount of overtime compensation to which she was entitled, and there are numerous other pay periods in which Plaintiff was not paid the full amount of overtime compensation.

21. Upon information and belief, the collective and class members were also regularly scheduled to and did work more than forty (40) hours in a workweek, and were not paid all of the overtime compensation owed to them for their work performed.

## V. COLLECTIVE AND CLASS ACTION DEFINITIONS

22. The collective of similarly situated individuals sought to be certified under 29 U.S.C. §216(b) as a collective action for purposes of overtime is owed ("Overtime Collective") is defined as:

> All hourly home healthcare workers employed by Volunteer Home Care, Inc. within the last three (3) years who were not paid all overtime compensation owed, including for all travel time between clients.

23. The class of similarly situated employees sought to be certified under Rule 23 for Defendant's nonpayment of wages in violation of Tennessee common law (the "Travel Time Class") is defined as:

> All hourly home healthcare workers employed by Volunteer Home Care, Inc. within the last six (6) years, and who were not paid for all travel time between clients.

## VI. COVERAGE UNDER THE FLSA

24. At all times hereinafter mentioned, Defendant was an employer within the meaning of 29 U.S.C. §203(d).

25. At all times hereinafter mentioned, Defendant was an enterprise within the meaning of 29 U.S.C. §203(r).

26. At all pertinent times, Defendant has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

27. Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

28. At all times hereinafter mentioned, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

## VII. VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION
**(Overtime Collective)**

29. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

30. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

31. Plaintiff and the collective members are not exempt from the overtime requirements of the FLSA.

32. Plaintiff and the collective members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked over forty (40) hours in a workweek for all weeks.

33. Furthermore, Defendant did not include the time spent traveling between Defendant's clients in the calculation of overtime compensation for Plaintiff and members of both the collective.

34. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay overtime compensation for all hours worked over forty (40) in workweek, including the inclusion of travel time.

35. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of not paying all overtime compensation owed to Plaintiff and the Collective by failing to include travel time.

## VIII. VIOLATION OF TENNESSEE COMMON LAW FOR FAILURE TO PAY WAGES FOR TRAVEL TIME
**(Travel Time Class)**

36. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

37. Defendant failed to pay earned wages in violation of Tennessee common law.

38. Specifically, Defendant's failure to pay Plaintiff and the Travel Time Class members wages for the work time spent traveling from one of Defendant's clients to another when a single worker would work for multiple clients in the same day constituted violation of an express and/or implied-in-fact contract between employer and employee that employees would be paid hourly wages for all work performed.

39. Defendant's acceptance of the benefit of the work of Plaintiff and the Travel Time Class members, while Defendant failed to pay Plaintiff and the Travel Time Class members for work time spent traveling from one of Defendant's clients to another when a single worker would work for multiple clients in the same day, constitutes unjust enrichment; it would be unjust to not

require Defendant to compensate Plaintiff and the other members of the proposed Rule 23 class for their work.

40. Plaintiff, individually and on behalf of the Travel Time Class members, seeks the payment of wages for all hours worked, but for which Defendant did not pay wages, including the time spent traveling between Defendant's clients.

41. Defendant's failure to pay for all hours worked, including travel time, caused Plaintiff and the Travel Time Class to suffer loss of wages and interest thereon.

42. Plaintiff and the Travel Time Class are entitled to all unpaid wages and pre-judgment interest for Defendant's violation of Tennessee common law.

## IX. COLLECTIVE ALLEGATIONS

43. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Plaintiff files this action on behalf of herself and the Collective as defined above.

45. Defendant's practice and policy of not paying overtime affects Plaintiff and the Collective members and is a willful violation of the FLSA.

46. Defendant's practice and policy of not paying overtime for travel time affects Plaintiff and the Collective members and is a willful violation of the FLSA.

47. The Collective members are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

48. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal

circumstances of any individual employee. Thus, Plaintiff is similarly situated to the members of the Collective.

49. The specific job titles or precise job requirements of the Collective members do not prevent collective treatment under the FLSA. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at the overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### X.   TRAVEL TIME CLASS ACTION ALLEGATIONS

50. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

51. Plaintiff files this action on behalf of herself and the Travel Time Class as defined above.

52. Defendant's practice and policy of not paying travel time, including associated overtime, affects Plaintiff and the Travel Time Class members.

53. Travel Time Class members are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

54. Defendant's failure to pay travel time results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the Travel Time Class members are similarly situated employees.

55. The specific job titles or precise job requirements of the Travel Time Class members do not prevent class treatment.  All employees, regardless of their precise job

requirements or rates of pay, are entitled to be properly compensated for all hours worked including the time spent traveling between Defendant's clients. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

56. Plaintiff shares the same interests as the Travel Time Class and will be entitled to travel time wages and pre-judgment interest owed to her under nearly identical factual and legal standards as the Travel Time Class.

57. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of a class action under Fed. R. Civ. P. 23.

58. The Travel Time Class meets the numerosity requirement of Rule 23(a)(1) because Defendant have employed numerous home healthcare workers in the state of Tennessee while requiring them to spend time traveling between clients without compensation. The precise number of Travel Time Class members should be readily available from a review of Defendant's personnel, scheduling, time, payroll, and billing records, and from input received from the Travel Time Class members.

59. The Travel Time Class meets the commonality requirement of Rule 23(a)(2) because Defendant engaged in a common course of conduct that violated the legal rights of Plaintiff and the Travel Time Class. Any individual questions that Plaintiff's claims present will be far less central to this litigation than the numerous material questions of law and fact common to the Travel Time Class, including, but not limited to:

    a. Whether Defendant maintained common policies or practices that denied Plaintiff and Travel Time Class members wages for time spent traveling between clients;

    b. Whether Defendant violated Tennessee common law by not paying Plaintiff and the Travel Time Class members wages for time spent traveling between clients;

  c. Whether Defendant should be required to pay compensatory damages and pre-judgment interest for violating Tennessee state law.

60. The Travel Time Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the Travel Time Class members were all employed by Defendant and performed their job duties without receiving entitled compensation owed for that work.

61. The Travel Time Class meets the fair and adequate protection requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the Travel Time Class members, and because Plaintiff's attorneys have successfully prosecuted many complex class actions, including wage and hour and collective actions, and will adequately represent the interest of Plaintiff and the Travel Time Class members.

62. The Travel Time Class meets the predominance requirement of Rule 23(b)(3) because issues common to the Travel Time Class predominate over any questions affecting only individual members, including, but not limited to, whether Defendant calculated the Travel Time Class members' compensation under the same formula in the same way.

63. The Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

64. Given the material similarity of the Travel Time Class members' claims, even if each Travel Time Class member could afford to litigate a separate claim, this Court should not countenance or require the filings of numerous identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant

duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the Class's claims, create significant economies of scale for the Court and parties, and result in a binding, uniform adjudication on all issues.

65.     Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the Travel Time Class members proper travel time wages.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, prays for judgment in her favor and against Defendant as follows:

1.     For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA for the Collective, and ordering notice to the collective members at the earliest opportunity to ensure the collective members' claims are not lost to the FLSA statute of limitations;

2.     For an Order finding Defendant liable for unpaid overtime wages due to Plaintiff and the collective members and for liquidated damages equal in amount to the unpaid compensation;

3.     For an award of costs of this action as provided under the FLSA;

4.     For an award of attorneys' fees as provided under the FLSA;

5.     For an award of pre- and post-judgment interest; and

6.     For any and all other and further relief as may be necessary and appropriate.

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, further prays for judgment in her favor and against Defendant as follows:

1.     For an Order certifying this action as a class action Rule 23 and designating Plaintiff as a representative and undersigned as class counsel on behalf of all those similarly situated;

2.  For an Order finding Defendant liable for unpaid travel time wages due to Plaintiff and the Travel Time Class members;

3.  For an award of pre- and post-judgment interest; and

4.  For any and all other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted:

By: */s/ Mark N. Foster*

Mark N. Foster
*mfoster@marknfoster.com*
LAW OFFICE OF MARK N. FOSTER, PLLC
P.O. Box 869
Madisonville, Kentucky 42431
Telephone: (270) 213-1303

Philip Bohrer
*phil@bohrerbrady.com*
Scott E. Brady
*scott@bohrerbrady.com*
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000